NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—MAY, 1877.

## KERRIGAN *v.* KERRIGAN.

### *In the matter of the Estate of* JAMES KERRIGAN, *deceased.*

Under a direction in a will to pay annually a specified sum to a grandchild of the testator without further indication of the time of payment, the first payment is due on the expiration of a year from the testator's death.

The general rule is that an annuity, or periodical stipend, given by will, commences to run at testator's death, but the first payment is not due until the expiration of the first specified period computed from his death.

Payment of an annuity may be allowed in advance, under the statute, (2 R. S. 98 §§ 82, 83) where the assets sufficiently exceed known claims but the legatee must give security to refund if deficiency results. If the legatee is a minor, the general guardian receiving the payment must in addition to such security which is for the benefit of other persons interested in the estate, give security to the minor under 2 R, S. 91 § 47, for the faithful application of the money, &c., unless the security already given by the general guardian was fixed in view of the minor's interest in the legacy.

An order requiring executors to make payment of a legacy should not be granted without reasonable notice to the executors; but if it is so granted and the executors are before the court, the relief may be granted.

THIS was an application to vacate or modify an order made in the matter of the estate of James Kerrigan deceased, ordering the executor and executrix to pay forthwith to the general guardian of Margaret Kerrigan $300, given by testator's will in the following language: "I further order, and direct my executor and executrix hereinafter named, to pay annually the sum of $300, to each of my grandchildren hereinafter named, to wit: Margaret Kerrigan, &c., to be paid during the minority of said grandchildren, to the legally appointed guardian," &c.

It appeared that the testator died November 17th,

1876, and the only question raised was as to the time when the annuity became payable.

F. F. VAN DERVEER, *for the executor.*
E. D. BROWN, *in opposition.*

THE SURROGATE.—The counsel for the petitioner urges, that the annuity is payable immediately on the death of the testator, because it has been held that a legacy given for the support of an infant, bears interest from the date of the death of the testator; and he reasons, that interest begins to run because of the non-payment of what is in fact payable. This undoubtedly is plausible reasoning, but the exception in favor of infants which allows interest, does not necessarily carry with it the idea that the principal is payable at the time, when the interest under that exceptional rule is allowable. Indeed the language of the will in this case requires the payment of the $300, annually; in other words—it is to be made an annual payment, and therefore in order to be an annual payment, it must at least run one year before the payment, else it would be a payment in advance, instead of annually.

According to *Williams on Executors*, page 1192, if an annuity be given by will, it shall commence immediately from the testator's death, consequently, the first payment shall be made at the expiration of a year, next after that event; where the annuity is expressly directed to commence within a year, as of the first quarter day after the testator's death, or where the annuity is given with direction that it shall be paid monthly, the money will be due at the first quarter day, in the former case, and at the end of the first month after the testator's death, in the latter, although not payable by the executor till the end of a year.

According to *Roper on Legacies*, page 876, if the bequest be merely in the form of an annuity, as a gift to

B. of an annuity of $100 for life, the first payment will be due at the end of the year after the testator's death; but if a disposition be of a sum of money, and the interest of it is given as an annuity to B. for life, the first payment will not accrue, before the expiration of the second year, after the death of the testator.

In *Griswold* v. *Griswold* (4 *Brad.*, 216), it was held that where a will provided for payment of an annuity to the testator widow in quarterly payments on the first Monday of January, April, July, and October; to commence immediately after the testator's decease, who died August 4th, that there should be no apportionment, and that the full quarterly payment became due on the first Monday of October succeeding testator's death. In that case, Surrogate BRADFORD said, " The testator died on the 4th day of August, 1856, and it is claimed that the first instalment of the annuity became instantly due on his decease. I think otherwise. The language of the will, calls in the first instance for a certain sum annually. Had there been no specific direction the first payment would have become due at the end of the year, but the provision for quarterly payments anticipates this period. I entertain no doubt that in the absence of a time being fixed for the payment of an annuity, it does not become payable until the end of a year from the decease of the testator, and that the question weather it bears interest or not is not controlling upon that question."

It is quite evident that this rule ought to prevail because if the annuitant should die before the end of the year, she would not be entitled to the full annuity, if to any, and the executor, I think, would not be exonerated, if he should pay before the end of the year in such event.

But the law has made a wise provision to meet the

necessities of such a case by permitting payment under the order of this court, on giving security for the return of such portion advanced with interest whenever required, where it shall appear, that there is at least one-third more of assets in the hands of the executor than will be sufficient to pay the debts, legacies, and known claims against the estate. (2 *Rev. Stat.*, 98, §§ 82, 83).

This security is designed to protect other parties interested in the estate.

2. *Rev. Stat.* 91, section 47, provides for the payment to the general guardian of a minor, who shall be required to give security to the minor to be approved by the Surrogate for the faithful application of and accounting for such legacy, and this security is required to protect the rights of the minor. If as such general guardian in this case security has not been given to cover the interest in this estate, then the security provided by both sections should be given, but if on the contrary the general guardian in question was appointed subsequent to the probate of the will in question, and has given security with reference to this estate as such guardian, only such security will be required as is provided in the 83d section above cited.

The order directing payment by the executors to the guardian was improvidently granted, without conformity to the 82d section of the statute above cited, which required reasonable notice to the executors of the application; but as the executors are now before the court, I think the relief contemplated by the statute above cited may be granted on this motion, and an order may be entered so modifying the former order as to allow the executor to pay to the guardian the sum of $300 for the support of the infant, on his giving such security as is required by the statute.

Order accordingly.